UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN BOGASKY,

Plaintiff,

v.

COUNTY OF OSCEOLA,

Defendant.
___________________________________/

Case No. 1:26-cv-1396

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Osceola County violated his Sixth Amendment speedy trial right during the criminal proceedings that resulted in his incarceration. Plaintiff also contends that Defendant violated his rights when it foreclosed on and sold his property. On June 2, 2026, the Magistrate Judge issued a Report and Recommendation (ECF No. 10), recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on the ground that the Complaint and Amended Complaint[1] fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (ECF No. 11). Also before the Court is Plaintiff's Supplement to his Objections (ECF No. 12). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report

[1] The Magistrate Judge considered both the Complaint and the Amended Complaint together because Plaintiff apparently intended the Amended Complaint to supplement, rather than supersede, his Complaint (R&R, ECF No. 10 at PageID.104).

and Recommendation to which objections have been made. The Court denies the Objections, as supplemented, and issues this Opinion and Order.

As an initial matter, Plaintiff mailed his Objections and the Supplement past the fourteen days permitted to file objections. *See* W.D. Mich. LCivR 72.3(b). The Court nonetheless excuses Plaintiff's late filing because he has demonstrated good cause and excusable neglect (ECF No. 11 at PageID.117–118). *See* FED. R. CIV. P. 6(b)(1). Because Plaintiff's Objections and the Supplement track the organization of the Report and Recommendation, the Court addresses the Objections and Supplement using that same organizational headings.

## I. <u>Objections to Background in the Report and Recommendation.</u>

Objection 1. Plaintiff argues that he was charged under the wrong statute under Michigan law (Pl.'s Objs., ECF No. 11 at PageID.118–119). But Plaintiff does not suggest that the Magistrate Judge incorrectly stated that Plaintiff was convicted under Michigan Compiled Laws § 500.3102 (*id.*). Thus, Plaintiff identifies no error in the Report and Recommendation on this point (R&R, ECF No. 10 at PageID.105).

Objection 2. Plaintiff asserts that the Magistrate Judge erred by stating that Plaintiff's criminal case was reinstated in April 2025; rather, according to Plaintiff, the case was reinstated in March 2023 (Pl.'s Objs., ECF No. 11 at PageID.119). The Register of Actions attached to Plaintiff's Complaint, however, confirms that the Magistrate Judge is correct (*see* R&R, ECF No. 10 at PageID.105; Compl., ECF No. 1 Ex. 1, ECF No. 1-1 at PageID.12).

Objection 3. Plaintiff attributes error to the Magistrate Judge when she states that Plaintiff was sentenced to a term of imprisonment (Pl.'s Objs., ECF 11 at PageID.119, referencing R&R, ECF No. 10 at PageID.105). But the Magistrate Judge obtained this fact from Plaintiff's Amended Complaint (Am. Compl., ECF No. 6 at PageID.23). Thus, Plaintiff identifies no error in the Magistrate Judge's description of Plaintiff's alleged incarceration.

Objection 4. The Magistrate Judge states that "Plaintiff complains that his Sixth Amendment right to a speedy trial was violated and that the court adjourned the case multiple times without cause" (R&R, ECF No. 10 at PageID.105). According to Plaintiff, he complains that his Sixth Amendment right to a speedy trial was violated *because* the court adjourned the case multiple times without cause (Pl.'s Objs., ECF No. 11 at PageID.119–120, referencing R&R, ECF No. 10 at PageID.107–115). However, the Magistrate Judge dismissed Plaintiff's challenge to his conviction because it had not been invalidated outside of a suit under 42 U.S.C. § 1983, not because Plaintiff had failed to explain why his conviction was invalid (R&R, ECF No. 10 at PageID.112–113 (citing *Preisser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994)). Plaintiff does not address the Magistrate Judge's reasoning and therefore identifies no error in how the Magistrate Judge analyzed Plaintiff's challenge to his conviction.

Objections 4.2.A, 4.2.B & 4.2.B.2. In these related objections, Plaintiff argues that his speedy trial rights were violated (Pl.'s Objs., ECF No. 11 at PageID.120–121). But the Magistrate Judge did not address the merits of Plaintiff's speedy trial claim, instead recommending dismissal because Plaintiff had not invalidated the conviction he challenges outside of a suit under 42 U.S.C. § 1983 (R&R, ECF No. 10 at PageID.112–113 (citing *Preisser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994)). Because Plaintiff does not point out any errors in the Magistrate Judge's analysis, Plaintiff's objection on this point is denied.

Objection 5. The Magistrate Judge noted that Plaintiff is incarcerated also for a conviction that Plaintiff does not challenge in this case (R&R, ECF No. 10 at PageID.105 n.1). Plaintiff objects because Plaintiff believes the other conviction is irrelevant to the proceeding in this Court (Pl.'s Objs., ECF No. 11 at PageID.121). The Magistrate Judge did not err in mentioning

Plaintiff's other conviction because it provides background to the status of Plaintiff's incarceration, which is relevant in determining whether Plaintiff may bring an action under 42 U.S.C. § 1983.

Objection 6. Plaintiff contends that he need not file a habeas corpus action to vindicate his speedy trial rights because his remedy is reversal, not release from confinement (Pl.'s Objs., ECF No. 11 at PageID.121). As noted by the Magistrate Judge, however, Plaintiff cannot seek a remedy under 42 U.S.C. § 1983 for harms resulting from an unlawful conviction without first invalidating the conviction (R&R, ECF No. 10 at PageID.112–113). Therefore, the Magistrate Judge did not err in concluding that Plaintiff cannot vindicate his speedy trial rights through this § 1983 action.

Objection 7. Plaintiff believes it is clear that Defendant foreclosed on his property (Pl.'s Objs., ECF No. 11 at PageID.121–122), whereas the Magistrate Judge said that Plaintiff's foreclosure was "by no means clear" (R&R, ECF No. 10 at PageID.106). But the Magistrate Judge assumed that Defendant foreclosed on Plaintiff's property when it analyzed Plaintiff's challenge to the foreclosure (*id.*). The Magistrate Judge concluded that Plaintiff's challenge to the foreclosure sale did not have merit because he did not have a constitutional right to a free copy of transcripts, and because Plaintiff did not allege in his Complaint sufficient facts to support a claim under the Takings Clause (*id.*). Because Plaintiff's objection does not undermine the Magistrate Judge's analysis, it is denied.

## II. <u>Objections to the Magistrate Judge's Articulation on the Standard of Review.</u>

Objections 1 & 2. Despite labeling these objections as challenges to the Magistrate Judge's articulation of the standard of review, Plaintiff makes merits arguments (Pl.'s Objs., ECF No. 11 at PageID.122–123, referencing R&R, ECF No. 10 at PageID.106–107). Plaintiff therefore fails to identify any error in this portion of the Report and Recommendation.

## III. Objections to the Discussion in the Report and Recommendation.

*A. Deputies Houghton, Sims, and Jones.*

Plaintiff lists Deputies Unknown Houghton, Unknown Sims, and Unknown Jones in his Amended Complaint (Am. Compl., ECF No. 6 at PageID.24–26). But Plaintiff does not explain in the Amended Complaint what they did or how they were involved in his criminal or civil proceedings (*id.*). The Magistrate Judge reasoned that because Plaintiff fails to make individualized allegations about the Deputies, he has not shown that they violated his constitutional rights (R&R, ECF No. 10 at PageID.107–108).

Objection 1. Plaintiff alleges that Deputy Houghton violated Plaintiff's rights by initiating a traffic stop without a safety violation (Pl.'s Objs., ECF No. 11 at PageID.123–124). However, Plaintiff does not identify any allegation in the Complaint or Amended Complaint where he made this allegation against Deputy Houghton specifically (*see id.*). Thus, Plaintiff has not shown that the Magistrate Judge erred by dismissing Plaintiff's claim against Deputy Houghton (R&R, ECF No. 10 at PageID.107–108).

Objections 2 & 3. Plaintiff makes numerous arguments about Deputies Houghton and Jones and Prosecuting Attorney Anthony Badovinac that are untethered to the allegations he made against them in the Complaint and Amended Complaint (Pl.'s Objs., ECF No. 11 at PageID.124–126). Accordingly, the Magistrate Judge did not address these arguments (R&R, ECF No. 10 at PageID.107–108). Hence, Plaintiff has not demonstrated that the Magistrate Judge incorrectly dismissed Plaintiff's claims against Deputies Houghton and Jones.

*B. Prosecuting Attorney Badovinac.*

Plaintiff attributes wrongdoing to Prosecuting Attorney Badovinac that Plaintiff did not include in his Complaint or Amended Complaint (Pl.'s Objs., ECF No.11 at PageID.126–128). The Court finds no error in the Magistrate Judge's failure to consider these new allegations.

*C. Judges Jaklevic and Booher.*

Objections 1–5. Plaintiff contends that Judge Peter Jaklevic violated his speedy trial rights while presiding over his criminal case (Pl.'s Objs., ECF No. 11 at PageID.128–129). But the Magistrate Judge did not address the merits of Plaintiff's speedy trial claim, instead dismissing these claims under absolute judicial immunity (R&R, ECF No. 10 at PageID.109–110). Because Plaintiff does not point out any errors in the Magistrate Judge's reliance on absolute judicial immunity, Plaintiff's objection on this point is denied.

Plaintiff also asserts that Judge Jaklevic acted without jurisdiction (Pl.'s Objs., ECF No. 11 at PageID.129). But Plaintiff does not tie his assertion to any allegations in the Complaint or Amended Complaint (*id.*). Plaintiff has identified no error in the Magistrate Judge's analysis.

Objection 3C.2. Like Plaintiff's objections to the Magistrate Judge's recommendation regarding Judge Jaklevic, Plaintiff's objections regarding Judge Kimberly Booher focus on the merits of Plaintiff's claims, not immunity (Pl.'s Objs., ECF No. 11 at PageID.129–130). Nevertheless, Plaintiff does argue that violations of due process and judicial ethics rules are exceptions to absolute judicial immunity (*id.*). The Court agrees with the Magistrate Judge (*see* R&R, ECF No. 10 at PageID.109–110) that Plaintiff has not alleged in his Complaint or Amended Complaint any exception to absolute judicial immunity for Judge Booher.

*D. Post-Seizure Claim Against Osceola County.*

Objection 1. According to Plaintiff, the Magistrate Judge incorrectly determined that Plaintiff's claims against Defendant were or should have been litigated in the 2024 action (Pl.'s Objs., ECF No. 11 at PageID.130, referencing R&R, ECF No. 10 at PageID.110–111). A review of the Report and Recommendation in the 2024 case (No. 1:24-cv-980, ECF No. 11), which the Court adopted as its Opinion (No. 1:24-cv-980, ECF No. 12), demonstrates that Plaintiff litigated

the merits of his seizure claim. Thus, Plaintiff identifies no error in the Magistrate Judge's determination on this element of claim preclusion.

Objections 2 & 3. Plaintiff also challenges the Magistrate Judge's finding that Defendant was adequately represented by Deputy 1 and Cool in the 2024 action (Pl.'s Objs., ECF No. 10 at PageID.130, referencing R&R, ECF No. 10 at PageID.111–112). But Plaintiff's Objection focuses not on why Defendant was inadequately represented, but why Deputy 1 and Cool were inadequately represented (*id.*). Thus, Plaintiff does not demonstrate any error in the Magistrate Judge's conclusion that Defendant' interests were adequately represented in the 2024 action.

*E. The Criminal Cases.*

Plaintiff believes that he need not file a habeas petition to overturn his conviction because (he claims) he is no longer in confinement (Pl.'s Objs., ECF No. 11 at PageID.130). Even if Plaintiff is not incarcerated, however, the Magistrate Judge correctly concluded that *Heck* prevents Plaintiff from seeking damages resulting from a wrongful conviction that has not been invalidated outside of an action under 42 U.S.C. § 1983 (*see* R&R, ECF No. 10 at PageID.112–113).

*F. Tax Foreclosure.*

Plaintiff makes several cursory objections because he was "wait[ing] till 6-23-26 for more paper and envelopes to finish F, G, & conclusion" (Pl.'s Objs., ECF No. 11 at PageID.130). Although it is difficult to understand the basis for Plaintiff's objections in this section of his Objections, the Court does not perceive any argument that demonstrates error in the Magistrate Judge's analysis of Plaintiff's claims based on the tax foreclosure (R&R, ECF No. 10 at PageID.113–115).

Objections 1, 1.A, 1.B, 2.A & 2.B. Plaintiff disagrees with the Magistrate Judge's conclusion that Plaintiff had no constitutional right to free transcripts (Pl.'s Supp., ECF No. 12 at PageID.132–134, referencing R&R, ECF No. 10 at PageID.114). Plaintiff reframes his claim to

be based on the Equal Protection Clause in the Fourteenth Amendment and his right to fair notice, presumably under the Due Process Clause of the Fourteenth Amendment (*id.*). Nevertheless, the authorities Plaintiff cites do not undermine the Magistrate Judge's correct analysis that Plaintiff has no constitutional right to free copies of the transcript of his tax foreclosure proceedings because he cannot afford them. Plaintiff does not allege any other reason, besides his indigence, that he could not obtain the transcripts. Thus, this objection is denied.

Objection 2.C. The Magistrate Judge determined that Plaintiff failed to state a Takings Clause claim because Plaintiff did not allege the amount of his delinquent debt or the amount for which his property was sold at the foreclose sale (R&R, ECF No. 10 at PageID.114–115). Plaintiff does not challenge this analysis, instead arguing that he owed no money because Defendant failed to follow state law in the foreclosure process (Pl.'s Supp., ECF No. 12 at PageID.134). But Plaintiff does not explain how this alleged violation of state law resulted in a violation of his constitutional rights. *See White by Swafford v. Gerbitz*, 892 F.2d 457, 461 (6th Cir. 1989) (noting that mere violation of state law is not necessarily a violation of 42 U.S.C. § 1983). Because Plaintiff does not address the Magistrate Judge's analysis, Plaintiff's argument does not identify any error therein.

Objection 2.D & 2.E. Plaintiff makes several observations on law and society that do not address the Report and Recommendation (Pl.'s Supp., ECF No. 12 at PageID.134–135).

Objection 2.F. Plaintiff asserts that Defendant failed to follow state law during the foreclosure sale (Pl.'s Supp., ECF No. 12 at PageID.135–136). As explained above, the Magistrate Judge did not address this issue (R&R, ECF No. 10 at PageID.113–115). Therefore, this objection does not identify any error in the Report and Recommendation.

*G. RICO Claim.*

Objection 1. Whereas the Magistrate Judge determined that Plaintiff's RICO allegations are conclusory (R&R, ECF No. 10 at PageID.115), Plaintiff believes that he has adequately alleged how "the actions of several have 'worked together' to cause a violation" (Pl.'s Supp., ECF No. 12 at PageID.136). In his Complaint, Plaintiff alleges that "[t]he taking of my vital equipment directly affect my business as an 'agricultural worker' entitling me to triple damage under RICO" (Compl., ECF No. 1 at PageID.3). But Plaintiff does not allege any other facts to establish his RICO claim. Therefore, the Court agrees with the Magistrate Judge's assessment that Plaintiff's RICO allegations are conclusory.

Objection 2. Lastly, Plaintiff addresses the amount of damages he believes he is owed under RICO (Pl.'s Supp., ECF No. 12 at PageID.136–137). However, Plaintiff fails to identify any errors in the Magistrate Judge's analysis that Plaintiff did not sufficiently allege a RICO claim. This objection is properly denied.

In sum, Plaintiff's Objections, as supplemented, do not identify any error in the Report and Recommendation. Therefore, Plaintiff's Objections, as supplemented, are denied. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 11) as supplemented by (ECF No. 12) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 10) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) and Amended Complaint (ECF No. 6) are DISMISSED pursuant to 28 § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

This case is closed.

Dated: September 14, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge